**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward WHITE, Defendant-Appellant.**

**No. 72-1432**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1972.

Stephen B. Murray, New Orleans, La. (Court Appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Patrick C. McGinity, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Edward White appeals from convictions on three counts of an indictment charging unlawful purchase, possession, transportation and concealment of heroin in violation of 21 U.S.C.A. § 174 and 26 U.S.C.A. §§ 4704(a) and 4724(c). Concluding that the Trial Court properly denied the defendant's motion to suppress, we affirm.

On February 5, 1971 Agent Thomas J. Backes of the United States Bureau of Narcotics and Dangerous Drugs was advised by a confidential informant that the defendant would be delivering heroin at approximately 11 p. m. to an individual named Cleveland Green, who would be driving a light blue 1960 De Soto sedan, license number 223B907. The informant, whose reliability had been repeatedly demonstrated on previous occasions, also

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

provided a general physical description of Green and the approximate geographical area in which the delivery was to take place. As a result of surveillance activities late that night Backes observed the defendant stop his automobile, honk the horn several times and motion toward another car matching the informant's description and containing an individual resembling Green. The officers immediately closed in and forcibly removed the defendant from his vehicle, at which time a package of heroin fell out.

On the basis of this encapsulated version of facts that are in all material respects undisputed, we hold that there was probable cause for a search of the defendant's automobile and that the motion to suppress was therefore properly denied. Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Acosta, 5 Cir., 1969, 411 F.2d 627.

Affirmed.