Gilbert GOMEZ, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72-2714

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1973.

Rehearing and Rehearing En Banc
Denied Feb. 14, 1973.

Harry H. Walsh, Tex. Dept. of Corrections, Huntsville, Ala., for petitioner-appellant.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Petitioner in this appeal from a habeas corpus proceeding presents two separate challenges to the search which produced the evidence leading to his conviction on narcotic charges. The first is the lack of probable cause to arrest the petitioner and search the car in which he was riding. The second is whether the search of the car can be justified, assuming arguendo the existence of probable cause, in the absence of a warrant. We affirm.

Officers of the Austin Police Department received a tip from unidentified informers that petitioner and one Torres had in their possession a large amount of heroin and were preparing it for distribution to pushers. The informers stated that petitioner and Torres would soon leave a certain house with the heroin in a blue and white Oldsmobile belonging to Torres. Within minutes another officer who had been directed to the vicinity of the house for the purpose of surveillance, reported that the petitioner and Torres had left the house in the Oldsmobile. Shortly thereafter the car was stopped by the police and the occupants arrested. The suspects and the car were taken to the police station. The car was thoroughly searched at the station within fifteen to thirty minutes of the time of the arrest, and three packages containing heroin were found.

* Rule, 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

The information provided by the informers provided ample probable cause for the arrest of the petitioner. The officers who received the tip testified that they had received tips from these same informers on numerous occasions and that they had always been reliable. The specificity of their information and the subsequent confirmation of some of the details by the surveillance officer provided a sure constitutional basis for this procedure.

■ Nor is there any merit in petitioner's contention that the search of the car at the police station was invalid for lack of a warrant. This case is clearly within the scope of the rule enunciated in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The search was carried out as soon as the car was taken to the police station. As the court in *Chambers* stated:

> Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the "lesser" intrusion is permissible until the magistrate authorizes the "greater." But which is the "greater" and which is the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

> On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable-cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained.

399 U.S. at 51–52, 90 S.Ct. at 1981 (footnote omitted.)

Petitioner's reliance on Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), is misplaced. That case stands for the proposition that a station house search cannot be valid if a search of the automobile at the time and place of seizure would have been improper. *See Coolidge, supra,* 403 U.S. at 462–464 & n. 20, 91 S.Ct. at 2035–2037 & n. 20. In the case *sub judice* it is clear that the police had probable cause to search the automobile at the time of petitioner's arrest and that exigent circumstances were present which would have justified an immediate on-the-scene search. Since the on-the-scene search would have been valid, *Coolidge* has no application to this case.

Affirmed.