**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stephen Wade BLACK, Defendant-Appellant.**

**No. 72-3179
Summary Calendar.***

United States Court of Appeals.
Fifth Circuit.

April 11, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Albert M. Horn, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Stephen Wade Black appeals from his one count conviction for knowingly and intentionally possessing 32 pounds of marijuana in violation of 21 U.S.C. § 841 (a)(1), D.C., 344 F.Supp. 537. He contends that the search and seizure which yielded the marijuana introduced into evidence against him was illegal because of a constitutionally defective search warrant. We find this contention to be without merit and affirm.

While searching for a lost invoice, a Delta Airlines employee in San Diego observed several brick shaped packages lodged inside a crate containing a heavy wooden beam table. These packages emitted the odor of marijuana. The San Diego police were called and Officer Hamlin came to the airport where he likewise observed the packages. He determined that they contained marijuana and immediately relayed this information to officials of the Bureau of Narcotics and Dangerous Drugs in San Diego. Subsequently, the decision was made to send the table on to Atlanta, its intended destination. In the meantime, all of the foregoing information was communicated by telephone to Special Agent Goodowens of the Bureau of Narcotics and Dangerous Drugs in Atlanta. In reliance thereon he swore out a search warrant before a federal magistrate. When Black, the addressee of the shipment, arrived at the airport to pick it up, Goodowens observed the crate as described to him, executed the warrant and confiscated the bricks of marijuana which were later introduced into evidence against the defendant.

Black asserts that the search warrant was constitutionally defective because the supporting affidavit failed to allege specific underlying facts from

which the magistrate could determine how Officer Hamlin in San Diego was able to conclude that the brick shaped packages were marijuana. Black suggests that there were only two possible ways for Hamlin to have made this finding, both of which would raise fourth amendment problems. He could have forced the crate open to gain access to the packages in which case his conclusion would be the fruit of a warrantless search; or he could have made his judgment by smelling the packages in which case it would be based on pure conjecture.

There is no dispute that a search warrant can be based on hearsay information, but where that is the case, the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) must be met. The magistrate must be informed of some of the underlying circumstances on which the informant's conclusions were based and also some of the circumstances which lead the affiant to decide that the informant was reliable. If the *Aguilar* test is not met, yet the informant's report is corroborated by independent sources, then under Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968), a search warrant may still issue. The magistrate, however, must first determine that the informant's report and the independent corroborative sources taken together result in information equally as trustworthy as that attainable by strict adherence to the *Aguilar* standard.

The report of the unidentified Delta Airlines employee clearly did not meet the second part of the *Aguilar* test. It was corroborated, however, by Officer Hamlin's on-the-spot inspection of the packages. The affidavit indicates that he observed them directly and found them to contain marijuana. There is no basis in the record to conclude that his determination was based on conjecture or a warrantless intrusion into the crate. We think that the magistrate's reliance on these facts to have been justified even though they were communicated across the continent, Brooks v. United States, 416 F.2d 1044, 1049 (5th Cir. 1969). We hold that there was ample cause for the issuance of the search warrant consistent with the *Spinelli-Aguilar* requirements.

Judgment affirmed.