Panda WEEKS, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 75–2983.

United States Court of Appeals,
Fifth Circuit.

May 17, 1976.

John L. Hill, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., Kathryn Fuller, Law Clerk (pro hac vice), for respondent-appellant.

Michael A. Maness, Houston, Tex. (Court-Appointed), for petitioner-appellee.

Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.

COLEMAN, Circuit Judge.

The basic issue in this appeal is whether the police had probable cause to arrest Panda Weeks and to search her car for heroin. The District Court held that probable cause did not exist. 399 F.Supp. 879. We disagree, and reverse.

Ms. Weeks was tried to a jury in state court in March, 1968, convicted of the

possession of heroin, and sentenced to 30 years imprisonment. No appeal was taken from that conviction. Thereafter, she filed an application for the writ of habeas corpus in the state convicting court, alleging an illegal arrest and search. The petition was rejected because it did not "state sworn facts which, if believed, would entitle him [sic] to relief". The Texas Court of Criminal Appeals affirmed, without written opinion, March 29, 1971. Appellee then filed her application in the Southern District of Texas on August 1, 1972. The District Court held an evidentiary hearing and on July 15, 1975, granted the writ. The Court found that Ms. Weeks had effectively exhausted her state court remedies [1] and that on all the facts of the case, the search had been conducted without probable cause. The State appealed and this Court granted a stay pending appeal.

At approximately 2:15 a. m. on January 10, 1968, Officer Dunlap, a Houston police narcotics officer, received a telephone call from an informant who had given him reliable information on three or four occasions in the past. The informant told Officer Dunlap that Weeks and her mother-in-law (Mrs. Haywood) would be in the 1400 block of West 11th Street, Houston, early on the morning of January 10, 1968. They would be riding in a 1968 Chevrolet of a specified color, body style, and license plate number. They would be leaving that location shortly and the car contained heroin.

At the federal habeas hearing Officer Dunlap testified that the informant stated that he had obtained the information by overhearing appellee in a conversation earlier that evening. However, at the prior state trial on the merits, Officer Dunlap had not testified as to how the informer came by his information. The federal district judge made no finding as to whether the informant told Officer Dunlap how he obtained his information.

Immediately following the telephone tip, Officer Dunlap radioed a group of narcotics officers, relaying the information he had just received. One of these officers, Albert, knew Ms. Weeks.

The officers proceeded to the 1400 block of West 11th Street, where they saw an automobile of the same detailed description radioed to them, occupied by two females. The car was parked at a Seven-Eleven drive-in grocery store. Mrs. Haywood walked into the store, and Ms. Weeks remained in the automobile, on the driver's side. The officers parked next to the automobile and two of them went into the Seven-Eleven and arrested Mrs. Haywood. Two other officers arrested Ms. Weeks, who was still in the automobile, and read her the *Miranda* warnings. The officers then searched the automobile and found heroin under the front seat. The arrest of Ms. Weeks and the search of her automobile were accomplished without a warrant.

The appellee argues that the informer's tip was insufficient to establish probable cause because it failed to satisfy the now familiar two-prong test of *Aguilar v. Texas*, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. *Aguilar*, of course, provides that in order for an informer's tip to serve as the *sole* basis for probable cause it must reveal (1) how the informer obtained his information and (2) why the police believed that the informer was a credible reliable person, *Aguilar v. Texas, supra*, 378 U.S. at 114, 84 S.Ct. at 1514, 12 L.Ed.2d at 728.

There is no doubt that the second part of the *Aguilar* test was met as to this appellee since the informer had proven reliable on several prior occasions. The appellee con-

1. The requirement that a petitioner exhaust available state court remedies before seeking federal habeas corpus is a policy of comity and is not jurisdictional, *Fay v. Noia*, 1963, 372 U.S. 391, 419–20, 83 S.Ct. 822, 9 L.Ed.2d 837; *United States ex rel. Reis v. Wainwright*, 5 Cir. 1976, 525 F.2d 1269, 1272; *Hairston v. Alabama*, 5 Cir. 1972, 465 F.2d 675, 679. The state court order dismissing Ms. Weeks' habeas corpus petition is somewhat opaque and makes it difficult, if not impossible, to tell whether the writ was dismissed on procedural or substantive grounds. Since we find that the case must be reversed because there was probable cause for the arrest, we do not discuss the state's contention that Ms. Weeks had not sufficiently exhausted her state court remedies.

tends that the first part of *Aguilar's* test is lacking since it was never shown that the police were told how the informer came by his information.

As we mentioned earlier, the District Court made no affirmative finding as to whether the police were told the source of the informer's information. However, an entire reading of its memorandum and order raises the distinct likelihood that the district judge concluded (without saying so) that the police were not told how the informer came by his information.

■ Even so, a tip from an informer previously known to be reliable may establish probable cause if it is in sufficient detail, corroborated by independent observations so as "to negate the possibility that the informer 'fabricat[ed] his report out of the whole cloth' ", *Gonzales v. Beto*, 5 Cir. 1970, 425 F.2d 963, 969, *cert. denied*, 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189. *See United States v. Freund*, 5 Cir. 1976, 525 F.2d 873; *United States v. Black*, 5 Cir. 1973, 476 F.2d 267, 269; *United States v. Drew*, 5 Cir. 1970, 436 F.2d 529, 532–34, *cert. denied*, 1971, 402 U.S. 977, 91 S.Ct. 1682, 29 L.Ed.2d 143; *United States v. Cummings*, 8 Cir. 1974, 507 F.2d 324, 328.

The basic authority here is *Draper v. United States*, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

In *Draper* an informer, who for several months had been providing narcotics agents with reliable information, reported that the defendant had gone to Chicago to receive a shipment of heroin and that he would return to Denver on a specified train, with the drugs on his person. Although the informer did not state how he had obtained his information, he described the defendant in meticulous detail, giving a description of defendant's physical appearance, the clothes which he would be wearing when he alighted from the train, the type of luggage he would be carrying, and the fact that the defendant habitually walked very rapidly. Relying solely on this information, federal narcotics agents met the train as it arrived in Denver and arrested the defendant at the station. The Supreme Court found that the information supplied by the informant was sufficient to show probable cause.

In *Gomez v. Beto*, 5 Cir. 1973, 471 F.2d 774, *cert. denied*, 414 U.S. 843, 94 S.Ct. 103, 38 L.Ed.2d 81, a case factually very similar to the case at bar, we found a tip from informers to be sufficiently detailed so as to establish probable cause when the details were confirmed by officers' surveillance. The Court related the facts and holding in *Gomez* as follows:

Officers of the Austin Police Department received a tip from unidentified informers that petitioner and one Torres had in their possession a large amount of heroin and were preparing it for distribution to pushers. The informers stated that petitioner and Torres would soon leave a certain house with the heroin in a blue and white Oldsmobile belonging to Torres. Within minutes another officer who had been directed to the vicinity of the house for the purpose of surveillance, reported that the petitioner and Torres had left the house in the Oldsmobile. Shortly thereafter the car was stopped by the police and the occupants arrested. The suspects and the car were taken to the police station. The car was thoroughly searched at the station within fifteen to thirty minutes of the time of the arrest, and three packages containing heroin were found.

The information provided by the informers provided ample probable cause for the arrest of the petitioner. The officers who received the tip testified that they had received tips from these same informers on numerous occasions and that they had always been reliable. The specificity of their information and the subsequent confirmation of some of the details by the surveillance officer provided a sure constitutional basis for this procedure.

471 F.2d at 774–75.

In *United States v. Acosta*, 5 Cir. 1969, 411 F.2d 627, we again found probable cause for a warrantless arrest and search in a factual context similar to the instant case. In *Acosta* the informant told customs

agents that a smuggler described as a young Mexican male would be driving a 1958 green and white Buick with a specified Texas license plates number. The informer later told agents that the delivery would take place in a certain city and informed them of the smuggler's route of travel. We found that these facts were sufficient to establish probable cause for a warrantless search relying on the Supreme Court's opinion in *Draper v. United States, supra.*[2]

As to Panda Weeks, the police were told by a previously reliable informant that she (a woman personally known to one of the officers), with her mother-in-law, would be at a specific location, on a certain morning, riding in a specifically described car; that they would be leaving that location "shortly"; and that the automobile contained heroin. By their personal observation the officers verified every assertion of the informer except the presence of the heroin.

Under *Draper,* and its progeny in this Circuit, the officers had probable cause to make the arrest and the search, without a warrant, which resulted in the discovery of the heroin.

The Judgment of the District Court, granting the writ of habeas corpus, is

REVERSED.

---

**2.** Courts have found probable cause in many cases where the factual situation was similar to the one before us. *See, e. g., Weeks v. Estelle,* 5 Cir. 1975, 509 F.2d 760, 763–65, *cert. denied,* 423 U.S. 872, 96 S.Ct. 139, 96 S.Ct. 139, 46 L.Ed.2d 103; *United States v. White,* 5 Cir. 1972, 464 F.2d 1037, *cert. denied,* 409 U.S. 1043, 93 S.Ct. 538, 34 L.Ed.2d 493; *United States v. Drew,* 5 Cir. 1970, 436 F.2d 529, 532–34, *cert. denied,* 1971, 402 U.S. 977, 91 S.Ct. 1682, 29 L.Ed.2d 143; *United States v. Martin,* 5 Cir. 1970, 425 F.2d 268; *United States v. Singleton,* 3 Cir. 1971, 439 F.2d 381; *United States v. Cummings,* 8 Cir. 1974, 507 F.2d 324, 327–29.