**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earl WADDY and Sigifredo Gonzalez,
Defendants-Appellants.**

**No. 75–3699.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1976.

James R. Odabashian, Brownsville, Tex. (Court-appointed), for Waddy.

Fortunato P. Benavides, Joseph A. Cisneros, McAllen, Tex., for Gonzalez.

Edward B. McDonough, Jr., U. S. Atty., Anna Stool, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, JONES and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

On April 20, 1975, Wayne Wilkins, a special agent of the Drug Enforcement Administration, received information from an informant who had previously supplied reliable information, that persons identified by him were staying at the Palmview Golf Motel in McAllen, Texas and were going to purchase a large quantity of marihuana and transport it to Houston, Texas. The informant stated that the marihuana was going to be carried in suitcases. He described the people, their automobiles, and gave their room numbers. Surveillance was established. The details supplied by the informant were corroborated. At 10:00 P.M. Robert Thompson, Jr., who was staying in room 120, drove to room 217, where Sigifredo Gonzalez was staying. Gonzales and Thompson removed clothing and boxes from the trunk of Thompson's car and took them into Gonzalez's room. The two men left the room, each carrying two large suitcases, which they put in the trunk of Thompson's car. Gonzalez returned to his room, and Thompson drove away.

Early the next morning Earl Waddy, who was staying in room 221, met and conversed briefly with Gonzalez. They drove in separate cars to the Pinitas-Abrams, Texas area where they talked to each other for a few minutes. They then returned to the motel. At 8:15 A.M. two men of apparent Mexican descent drove to the motel in a red Volkswagen and visited with Waddy at his room. Shortly afterwards Gonzalez went to Waddy's room for ten to fifteen minutes. That evening Gonzalez removed two suitcases from his car and took them to room 217. He drove away minutes later. About one-half hour later Waddy and another defendant, Gladys Marshall, loaded their belongings into Waddy's automobile. Thompson arrived in his car. He and Waddy talked for a few minutes, and then the three drove away, Thompson following Waddy and Marshall. They went to an isolated orange grove.

The Border Patrol stopped Waddy and Marshall at 11:05 P.M. Approximately 68 pounds of marihuana were found in a burlap bag and two suitcases in the car. Waddy and Marshall were arrested. Gonzalez returned to the motel at 11:30 P.M. Thompson arrived minutes later. They were arrested. A search warrant was obtained for suitcases found in the trunk of Thompson's vehicle. The suitcases contained marihuana. Waddy, Gonzalez, Thompson, and Marshall were charged by indictment with conspiracy to possess marihuana and with intent to distribute it in violation of 21 U.S.C.A. §§ 846 & 841(a)(1). Waddy and Marshall were charged with possession with intent to distribute in violation of Section 841(a)(1), as were Gonzalez and Thompson in a separate count. Waddy and Gonzalez filed motions to suppress evidence and motions to disclose the identity of the informer, which were denied. Thompson pled guilty to possession.

Waddy, Gonzalez and Marshall were tried before a jury. Thompson testified that a Spanish male had offered to pay him $500.00 to pick up two suitcases from the room where Gonzalez was staying. Motions for acquittal were made and denied. Waddy was found guilty as charged. Gonzalez was found guilty of conspiracy only. Marshall was acquitted. Sentences were imposed on Waddy and Gonzalez. They appealed.

Waddy argues that there was not probable cause to stop and search his vehicle because the informer's tip failed to meet the test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. That case established a two-part requirement for an informant's tip to constitute the basis for probable cause. First, it must be shown

how the informer obtained the information, and second, it must be shown why the officer believed the informer to be reliable. Waddy contends that the first part of the *Aguilar* test was not met. The same contention was recently made to and rejected by this Court which held,

> "Even so, a tip from an informer previously known to be reliable may establish probable cause if it is in sufficient detail, corroborated by independent observations so as 'to negate the possibility that the informer "fabricat[ed] his report out of the whole cloth." ' " *Weeks v. Estelle,* 5th Cir. 1976, 531 F.2d 780.

The details supplied by the informant in the present case were corroborated by independent surveillance. Even if the information supplied did not of itself constitute probable cause, the surveillance furnished any required information. This case is to be distinguished from *United States v. Bursey,* 5th Cir. 1974, 491 F.2d 531, cited by Waddy, in which detail suggestive of a credible basis for the tip was not supplied and the surveillance "contained no reasonable suggestion of criminal conduct . . . ." *Bursey,* supra, at 534. Here probable cause was properly established, and the court did not err in denying the motion to suppress.

■ Gonzalez contends that the evidence is insufficient to sustain his conviction for conspiracy. Viewing the evidence in the light most favorable to the government, it is apparent that there is not substantial evidence to support the guilty verdict and the conviction cannot stand. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The court should have granted the motions for acquittal made by Gonzalez. See *United States v. Warner,* 5th Cir. 1971, 441 F.2d 821.

Gonzalez was in and out of the rooms of some of those participating in marihuana activities, and he carried clothing and suitcases between automobiles and motel rooms of those engaging in marihuana activities. Gonzalez associated with, talked to and helped them with the carrying of their effects. We do not know the subjects of the conversations. We do not know the con-

tents of the suitcases but they were apparently not filled with contraband when handled by Gonzalez. Twenty-four hundred years before this era Euripedes observed that "Every man is like the company he keeps." Gonzalez kept bad company but of that he was not charged or convicted. His association with those found guilty of marihuana offenses fails to establish conspiracy.

The convictions of Waddy are AFFIRMED. The conviction of Gonzalez is REVERSED with directions to enter a judgment of acquittal.

AFFIRMED as to appellant Earl Waddy.

REVERSED and REMANDED as to appellant Sigifredo Gonzalez.