953 F.2d 641
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregorio Olivo PEGUERO, Defendant-Appellant.
 No. 91-5644.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Jan. 14, 1992.
As Amended Feb. 12, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem, No. CR-90-165-WS, N. Carlton Tilley, Jr., District Judge.
 Argued: William Carlton Ingram, Jr., Floyd, Allen & Jacobs, Greensboro, N.C., for appellant; Paul Alexander Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before MURNAGHAN, Circuit Judge, HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Gregorio Olivo Peguero appeals his conviction for possession of drugs with intent to distribute and conspiracy. We affirm in part, reverse in part, and remand in accordance with this opinion.
 
 I.
 
 2
 On June 25, 1990, the United States Grand Jury for the Middle District of North Carolina returned an indictment against Gregorio Olivo Peguero ("Peguero"). Peguero, along with co-defendants Jorge Bell ("Bell"), Lorenzo Rivas Cruz ("Cruz"), Hose Alberto Fernandez ("Fernandez"), and Eustaquio Sosa ("Sosa"), was charged with conspiring to possess marijuana, cocaine hydrochloride, and crack cocaine with intent to distribute. Peguero was also charged with possession of crack cocaine with the intent to distribute. The jury found him guilty on both counts. Peguero moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. His motion was denied. At the sentencing hearing held on February 7, 1991, the district court judge sentenced Peguero to 120 months in prison followed by a period of supervised release of five years.
 
 
 3
 There are two issues before this court. The first is whether the district court erred in denying the defendant's motion for acquittal. The second issue is whether the district court erred in determining the defendant's sentence by using a calculation which included cocaine not found at the scene where the defendant was arrested. We affirm the possession conviction, but reverse the conspiracy conviction. Therefore, this case is remanded for resentencing.
 
 II.
 
 4
 On April 20, 1990, police officers searched a two-story apartment at 535-D Martin Luther King drive in Winston-Salem, North Carolina. The only person in the apartment was Peguero, who had a key to the apartment in his front right pants pocket.* The police found a brown paper bag at the top of the stairway on the second floor containing crack. In addition, the search revealed a roll of white tape and a box of small glassine bags in the kitchen cabinets. Three traffic citations issued to co-defendant Bell and dated April 19, 1989, September 13, 1989, and March 17, 1990, were also found in the apartment. The police also found photographs, including photographs showing: Peguero and Bell standing by a green Volvo; Bell standing in the 500 block of Martin Luther King Drive; Peguero and an unidentified woman taken inside the Martin Luther King Drive apartment; Bell in front of an Oldsmobile; and Bell in front of a gold Taurus.
 
 
 5
 On the night of April 26, 1990, police officers saw Bell driving a 1979 Oldsmobile with co-defendants Cruz and Fernandez riding as passengers. Because it was near midnight and the car did not have its headlights on, the police officers stopped the car. The police conducted a consensual search of the vehicle which revealed a police scanner and a hidden compartment that could be opened only by activating two toggle switches near the ashtray in the dashboard. The compartment contained 13.55 grams of crack and a loaded pistol.
 
 
 6
 On April 28, 1990, the police conducted a consensual search of a house at 1926 Pleasant Street. The police found Nineteen Thousand, Four Hundred and Sixty-Two Dollars ($19,462) in cash in the bedroom, a police scanner, and a green Volvo and a gold Ford Taurus in the garage. The trunk of the Volvo contained Four Hundred Twenty-Five Thousand, Nine Hundred Dollars ($425,900) in cash. The Ford Taurus contained Four Hundred Twenty-Eight Thousand, Eight Hundred and Eighteen Dollars ($428,818) in cash and a hidden compartment similar to the one found in the Oldsmobile. The compartment contained traces of cocaine. The evidence the police obtained during these three searches provided the basis for the conspiracy charge against Peguero.
 
 III.
 
 7
 In reviewing the district court's denial of the defendant's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the standard of review is whether there is substantial evidence which, taken in the light most favorable to the government, would justify a verdict of guilty beyond a reasonable doubt by any rational trier of fact. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 8
 One of Peguero's charges was for possession of drugs with the intent to distribute. The district court properly denied the defendant's motion for acquittal as to this count. Therefore, we affirm that decision.
 
 
 9
 Possession may be either actual or constructive. United States v. Zandi, 769 F.2d 229, 234 (4th Cir.1985). "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item." Id. Possession of large quantities of an illegal drug can be evidence that the defendant intended to distribute the drug. United States v. Roberts, 881 F.2d 95, 99 (4th Cir.1989).
 
 
 10
 Taken as a whole, the evidence clearly supports the jury's conclusion that Peguero had constructive possession of the crack. At the time of the arrest, Peguero was the sole occupant of the apartment. He had a key to the apartment in his pocket, and he had easy access to the cocaine. In view of these facts, the district court did not err by denying Peguero's motion for acquittal on the charge of possession with intent to distribute cocaine.
 
 
 11
 Peguero was also convicted of conspiring to possess various drugs with the intent to distribute. The district court erred by denying the defendant's motion for acquittal as to this charge.
 
 
 12
 The elements of the crime of conspiracy are: "(1) an agreement between two or more persons ..., (2) to commit in concert an unlawful act." United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). In order to uphold his conspiracy conviction, the evidence must show that Peguero knew of the conspiracy and its purpose, and participated in some manner. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). Circumstantial evidence may be used as proof of a conspiracy. Giunta, 925 F.2d at 764. Nevertheless, circumstantial evidence that merely proves an association between two persons, even if one knows the other intends to commit a crime, cannot support an inference of the requisite agreement between the two to commit a crime. See United States v. Tyler, 505 F.2d 1329, 1332 (5th Cir.1975).
 
 
 13
 The government's evidence of a conspiracy consists primarily of photographs connecting Peguero to Bell and to the cars which contained drugs or large sums of money, and Bell's traffic tickets indicating that he had been in the apartment recently. The photographs do not depict any illegal activity. The government presented no evidence that connected Peguero to cocaine found in any location other than the Martin Luther King Drive apartment. The government presented no evidence that Peguero and any of his co-defendants shared an intent to commit a crime. Mere association with criminals is not evidence of conspiracy. See United States v. Waddy, 536 F.2d 632, 634 (5th Cir.1976). For this reason, we hold that Peguero's conviction for conspiracy must be reversed.
 
 
 14
 We affirm Peguero's conviction of possession with intent to distribute cocaine, but reverse his conviction of conspiracy, and remand for resentencing determined solely upon the basis of the crack cocaine found in the apartment where he was arrested.
 
 
 15
 AFFIRMED IN PART AND REVERSED IN PART, AND REMANDED.
 
 
 
 *
 At trial no evidence was presented as to who was the legal resident of the apartment