[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15467

_____

D. C. Docket No. 04-00220-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 13, 2006)**

Before BLACK and HULL, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Appellant Mario Herrera appeals his conviction under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) for possession with the intent to distribute between 50 and 500 grams of a mixture containing methamphetamine. Herrera raises five issues on appeal: (1) denial of his motion to suppress; (2) sufficiency of the evidence; (3) modification of a proposed *voir dire* question; (4) use of a deliberate ignorance jury instruction; and (5) denial of a minor role reduction at sentencing.

As to the first issue, we conclude the district court did not err in denying the motion to suppress. The officers had probable cause to arrest Herrera, and they seized the narcotics during a lawful search incident to arrest. *New York v. Belton*, 453 U.S. 454 (1981); *United States v. Acosta*, 411 F.2d 627 (5th Cir. 1969);[1] *United States v. White*, 464 F.2d 1037 (5th Cir. 1972).

As to the second issue, after a careful review of the record, we determine there was sufficient evidence to support Herrera's conviction.

As to the third issue, the district court committed no error in modifying the *voir dire* question.

As to the fourth issue, even if the district court erred, any error was harmless beyond a reasonable doubt.

---

[1]In *Bonnor v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981), this Court adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Finally, as to the fifth issue, the district court committed no error in denying a minor role reduction at sentencing.

AFFIRMED.