THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOE ROGERS, Defendant-Appellee.

Fourth District   No. 14586

Opinion filed April 28, 1978.

Hugh Finson, State's Attorney, of Monticello (Robert C. Perry, and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Search warrants.

"Knock and announce" rule.

Quashed.

We affirm.

Rogers was charged with unlawful possession of amphetamines. Following the trial court's suppression of certain evidence obtained under two search warrants (which were also quashed), the State appeals.

Both warrants were issued and executed on May 27, 1977, at Rogers' rural home in Piatt County. At approximately 5 o'clock p.m. on that date, Mrs. Rogers, her little boy, and a friend (Terry Waller) were sitting in the living room when her little son stood up and said the police were there. She stood, turned around and saw three or four policemen come in through the front door. A search warrant was handed to her and one of the policemen stated who they were—but only after they had entered the house. Mrs. Rogers' testimony was that the officers (some in uniform) rushed in and neither knocked nor announced their identity or purpose until after they were inside. Terry Waller also testified that immediately after the little Rogers boy said there were police in the yard, police were coming in the front door, not having knocked or announced themselves first. In fact, they came through both a closed screen door and a wooden door, both unlocked. The house is a large one: three stories in height, 15 or

16 rooms, three doors on the first floor (the basement), two doors upstairs (first living floor), doors on three sides of the house.

On the day of the hearing, the trial court denied the motion to suppress. However, the next day the trial judge filed an order reversing his previous day's action, finding that an unannounced entry through two unlocked doors was a forcible entry within the meaning of the fourth amendment to the United States Constitution, and that although it was a large house with many exits, there were no exigent circumstances present since the police had already surrounded the house to prevent an escape. The first search warrant (cannabis) was thus improper, and since the second search warrant (amphetamines) was the result of the first improper search, that evidence was suppressed.

The State argues (1) that the complaints for the two search warrants were sufficient to establish probable cause, and (2) the policemen's unannounced entry did not violate the fourth amendment prohibition against unreasonable searches and seizures.

I. The complaints were good.

■■■ The first search warrant complaint was sworn to by "Jerry Smith," a fictitious name. But under *People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431, this fact does not taint the complaint or resulting warrant. As to the facts asserted in the complaint, we judge them quite sufficient to establish probable cause that the substance observed was marijuana:

> "That at or about 9:00 p.m. on May 26, 1977, the undersigned was at the residence of Joe Rodgers [*sic*], located as above described, that the undersigned is acquainted with the said Joe Rodgers [*sic*] and recognized him at said residence on the date and at the time mentioned above; that on the date and at the time mentioned above, the undersigned observed in said residence a number of clear plastic bags containing a deep brown colored vegetable material; that the undersigned is familiar with Cannabis or Marijuana, having seen it on numerous previous occasions, and recognized the contents of the bags referred to above to be Cannabis or Marijuana, having seen the contents thereof."

The informant stated that he saw a brownish vegetable material in plastic bags and compared it with his previous experience to form a belief that it was marijuana. It would be totally unreasonable to impose a requirement for a search warrant that the material be analyzed, or that the informant has used or smelled it. The observations, the past experience and the belief that it is an illegal substance is sufficient. *People v. Krug* (1976), 38 Ill. App. 3d 383, 347 N.E.2d 807; *People v. Beck* (1975), 28 Ill. App. 3d 782, 329 N.E.2d 325.

■■ A second search warrant was sought upon the complaint of one of the deputy sheriffs who participated in the first search:

"* * * Several clear plastic bags and a clear glass bottle containing a quantity of small white double-scored tablets or pills; the undersigned has on numerous occasions, as a deputy sheriff, as aforesaid, observed amphetamine tablets or pills and recognized the contents of said clear plastic bags and clear glass bottle to be amphetamine tablets or pills, having seen the contents thereof; that none of the clear plastic bags nor the clear glass bottle had affixed to them a prescription or pharmacist's label or any kind or nature."

He merely stated that he recognized the pills to be a specific contraband drug (amphetamines) and that this recognition was based on his law enforcement experience. This is adequate. *Krug; Beck.*

(Although there was an incorrect mailing address on both search warrants, the legal description of the location of the house was correct and sufficient. In fact, defendant concedes this to be so in his brief.)

II. But the search was bad.

■■ The trial judge found that the officers' entry into the defendant's house—without knocking or announcing their identity or purpose—was an unreasonable search under the fourth amendment.

We agree.

Although the Illinois Supreme Court has recently decided in *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067, that a failure by the police to announce their identity and purpose prior to entry is not a *per se* violation of the fourth amendment, at least there was a *knocking* before entry in that case. There was no such evidence here. And although the State argues substantial compliance, it cannot cite us *any case* where there was not at least *some* warning before entry. Here, there was no warning at all—no knock, no yell, no announcement. And the entry consisted not only of opening two unlocked doors, but passing through them well into the room. The "knock and announce" rule applies here, and neither element being present, the search was bad and unreasonable.

■■ But—argues the State—exigent circumstances here excused the application of the "knock and announce" rule, since it was a large house, with numerous doors and windows, the possibility of many people inside, and the possibility that the defendant might escape unless an unannounced entry was made. It won't wash. Such argument, in effect, would create a *per se* rule that large houses with a lot of windows create an exigent circumstance. And this would be absurd.

The trial court specifically found that there was no possibility of escape (and therefore, no exigent circumstance) since the police had the house surrounded for the very purpose of preventing anyone from leaving. The court below quite properly relied upon *People v. Polito* (1976), 42 Ill. App. 3d 372, 355 N.E.2d 725, where eight officers surrounded a building,

blocked all exits, and thwarted any possibility of escape. Therefore—no exigent circumstances existed.

We come full circle. The complaints were good. But the search was bad.

Affirmed.

REARDON, P. J., and TRAPP, J., concur.