THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WILLIAM SEYBOLD, Defendant-Appellee.

Second District   No. 78-264

Opinion filed October 22, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (George J. Sotos, Assistant State's Attorney, of counsel), for the People.

Norman Nelson, Jr., of Chicago, and Ray Sabransky, of Elk Grove Village, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the trial court which granted defendant's motion in arrest of judgment and directed that he be discharged.

Defendant, William Seybold, was arrested on May 3, 1977, in an

apartment located in the village of Addison in Du Page County. It appears that a number of special agents of the Metropolitan Enforcement Group (MEG), which is made up of police officers of several municipalities located in Cook County, were conducting a drug investigation in Addison. Agent Ralph Polan, working under cover, had gone into the apartment occupied by defendant and others and at Polan's signal the special agents waiting outside then entered the apartment and arrested defendant and other occupants. These special agents also searched the premises and seized certain controlled substances and money as evidence. None of the special agents was a police officer of Addison, deputy sheriff of Du Page County or of any other police agency having jurisdiction in Addison or Du Page County. Nor did these special agents have arrest or search warrants.

Defendant was taken to the Addison Police Department where special agent James Kautz signed complaints as "a police officer" against defendant charging him with violations of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401). Subsequently, on July 5, 1977, the State's Attorney of Du Page County filed an information charging delivery of a controlled substance, and defendant moved to quash his arrest and suppress the evidence seized by the special agents. At the hearing of this motion the special agents identified themselves as police officers of the villages of Park Ridge and Des Plaines in Cook County who were at the time of defendant's arrest acting as agents of the Metropolitan Enforcement Group. They did not disclose, nor were they asked, whether their peace officer jurisdiction extended to Du Page County. The trial court apparently determined these agents, as police officers, had probable cause to arrest the defendant in the apartment without a warrant and denied defendant's motion.

After a bench trial on the charges presented by the information defendant was found guilty by the trial court. During the course of the trial, however, it was disclosed for the first time that the special agents who had arrested him were not, in fact, peace officers with authority to arrest in an official capacity in either Addison or Du Page County. Although it was noted that Addison officers had accompanied the special agents to the building in which the raid occurred they did not participate in defendant's arrest or the subsequent seizure of evidence.

Defendant's motion for new trial alleged, in part, that the denial of his earlier motion to suppress evidence and the introduction of such evidence in trial was erroneous, arguing he had been illegally arrested. He further moved for an order arresting the judgment against him, asserting the trial court lacked jurisdiction over the criminal charge since his arrest had been made by MEG officers from another county without official power to arrest in Du Page County. The trial court granted defendant's

motion in arrest of judgment but did not rule upon his motion for a new trial. The State has appealed and we reverse.

■■ We note initially that the separate and distinct functions of a motion for new trial and of a motion in arrest of judgment have been misconceived in this case. The new trial motion reaches claimed errors based upon evidence, instructions and rulings of the court whereas a motion in arrest of judgment is restricted to issues of whether the charging instrument states an offense and whether the court has jurisdiction of the cause. Ill. Rev. Stat. 1975, ch. 38, pars. 116—1, 116—2; *People v. Irwin* (1965), 32 Ill. 2d 441, 444-45, 207 N.E.2d 76, 78; *People v. Gilmore* (1976), 63 Ill. 2d 23, 28, 344 N.E.2d 456, 459.

The State agrees that the order from which it appeals holds only that the trial court lacked jurisdiction to hear the offense because defendant's arrest was unlawful, and that defendant's motion for a new trial was not ruled upon. Nevertheless, the State suggests that evidence is usually suppressed if secured by means of an unlawful arrest, and seeks to argue that even if the arrest were improper the exclusionary rule need not apply in this case. Defendant has moved to strike this argument and that motion is granted. The trial court did not consider or rule upon defendant's motion for new trial in which this issue was raised and it is not before us on appeal.

■■ The State next contends that even if the defendant were unlawfully arrested the trial court still had jurisdiction to try the offense and the defendant who was before it. (*People v. Winslow* (1975), 26 Ill. App. 3d 1035, 1041, 325 N.E.2d 426, 430, *cert. denied* (1976), 424 U.S. 915, 47 L. Ed. 2d 319, 96 S. Ct. 1114; *People v. Finch* (1970), 47 Ill. 2d 425, 436, 266 N.E.2d 97, 103, *cert. denied* (1971), 404 U.S. 836, 30 L. Ed. 2d 68, 92 S. Ct. 122.) We agree and find that the motion in arrest of judgment was improvidently granted by the trial court. It had jurisdiction of defendant and of the offense for which he was charged which would not be divested by evidence that his arrest was illegal.

The State's final contention is that even though the MEG agents were acting outside their jurisdiction when defendant was arrested that his arrest was lawful as the agents would still have the arresting powers given private persons by the provisions of section 107—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 107—3). This statute provides that "[a]ny person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." The State argues there was ample basis for the special agents to believe an offense was occurring in the apartment and to then enter it in their capacity as private persons and arrest defendant. It offers no authority other than the statute in support of this argument. Nor does the State address the attendant issue of whether a private citizen acting

pursuant to section 107—3 may enter an abode for the purpose of making a warrantless arrest. *Cf. People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067, *cert. denied* (1978), 436 U.S. 908, 56 L. Ed. 2d 408, 98 S. Ct. 2243; *People v. Abney* (1978), 58 Ill. App. 3d 54, 373 N.E.2d 861 (warrantless arrests by police officers).

■■■ On the record before us we can conclude that the "special agents" in arresting defendant without a warrant for an offense occurring in Du Page County were acting outside of their Cook County jurisdiction in doing so and, therefore, did not have the powers of arrest and search without warrant given to peace officers by sections 107—2 and 108—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, pars. 107—2, 108—1). (See *People v. Clark* (1977), 46 Ill. App. 3d 240, 360 N.E.2d 1160; *People v. Carnivale* (1975), 61 Ill. 2d 57, 329 N.E.2d 193; *People v. Durham* (1979), 71 Ill. App. 3d 725, 390 N.E.2d 517.) It also seems apparent that these "special agents," although not clothed with the powers of peace officers under these circumstances, would still have those powers of arrest given to all persons by section 107—3 of the Code. See 5 Am. Jur. 2d *Arrests* §50 (1962), and authorities cited therein; 6A C.J.S. *Arrest* §12 n.61 (1975).

The State's argument directed towards these questions, however, present matters raised solely by defendant's motion for a new trial which has not yet been considered by the trial court and is not before us. On remand that court will necessarily determine whether James Kautz, as a private person, had authority to enter the apartment without search or arrest warrants, arrest defendant therein and seize evidence. These questions may only be resolved after consideration of the entire record including the trial proceedings. We have been provided only with limited excerpts of those proceedings relating to the identity of the special agents; in fact, the record before us does not disclose what evidence, if any, seized in the apartment was admitted in trial.

Finding as we do that the limited issue before us on this appeal can relate only to the propriety of the granting of the motion in arrest of judgment, we reverse that order and remand this cause to the trial court for further consideration.

Reversed and remanded.

GUILD, P. J., and RECHENMACHER, J., concur.