(No. 51687 )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LENORA CONNER, Appellee.

*Opinion filed December 20, 1979.*

UNDERWOOD and WARD, JJ., specially concurring.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, and Marcia B. Orr and Carol A. Kearney, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This case involves a motion to suppress evidence obtained in an allegedly illegal search. According to the defendant, the police officers' failure to announce their authority and purpose prior to the execution of the search warrant for narcotics violated the defendant's constitutional right, guaranteed under the fourth and fourteenth amendments, to be free from unreasonable searches. The circuit court of Cook County found the existence of exigent circumstances to obviate a "knock and announce" requirement and denied the motion to suppress. The defendant was subsequently convicted by a jury of possession of more than 30 grams of heroin, in violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)). The appellate court, with one justice dissenting, reversed the conviction, holding that the motion to suppress should have been granted. (67 Ill. App. 3d 133.) The issue before this court is whether the heroin should have been suppressed as being the result of an unreasonable search. We find the search to be reasonable and reverse the judgment of the appellate court.

At the time of the search, defendant, Lenora Conner, resided in a three-story brick building located at 3648 South Martin Luther King Drive in Chicago. The building could be described as impregnable: there were burglar bars on all of the first-floor windows; the doors, some of which were made of steel, were secured with either a single or double set of burglar bars; and 12 crossbred German shepherd—Great Dane dogs guarded the premises. The building also had mirrors located outside the defendant's bedroom window; these mirrors enabled the occupant to view the premises without having to go to the window.

On December 16, 1973, Chicago police officer James Ahern obtained a search warrant for the defendant's home. His request for the issuance of the search warrant was

based on information he received concerning the presence of narcotics in the defendant's residence. The warrant was executed by Officer Ahern and several other police officers during the early morning hours of the following day. Six of the officers made an unannounced forced entry through two second-floor windows by use of ladders provided by the Chicago Fire Department. Other police officers entered the building, unannounced, through a basement door.

The State acknowledges that Officer Ahern failed to knock and announce his authority and purpose in the execution of the warrant. However, the State contends that the exigent circumstances surrounding the execution of the search warrant obviated the need to announce the officer's authority and purpose. Testimony at the hearing on a motion to suppress revealed that two prior search warrants for narcotics had been executed on the defendant's home and, during the course of the searches, the defendant's dogs were turned loose on the officers, who were compelled to shoot four of them in self-defense. These officers had also advised Officer Ahern that buckets of water were located near the toilet for the ready disposal of narcotics. It is the State's position that the officers' belief that the defendant possessed narcotics, their knowledge that the defendant kept buckets of water near the toilet to facilitate the disposal of contraband, their knowledge of the impregnable security maintained on all ground-floor doors and windows, and their knowledge that, on a previous unexpedited execution of a search warrant, the guard dogs had been loosed on the officers before they could execute the search warrant all justified the unannounced forcible entry.

The circuit court found the existence of exigent circumstances to justify the unannounced entry and denied the defendant's motion to suppress. The appellate court reversed, holding that the fortress-like quality of the premises and the probable existence of easily disposable heroin were insufficient reasons to justify the officers'

entry. One justice, in his dissent, stated that the appellate court had failed to consider all the facts in evidence which clearly established the need of the police officers to make an unannounced entry.

In Illinois, a search warrant must be executed in compliance with section 108—8 of the Code of Criminal Procedure of 1963, which provides:

> "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant." (Ill. Rev. Stat. 1973, ch. 38, par. 108—8.)

In *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 162, *cert. denied* (1978), 436 U.S. 908, 56 L. Ed. 2d 408, 98 S. Ct. 2243, this court held that Illinois has no statute requiring that an officer must announce his authority and purpose before entering a building to make an authorized arrest, pointing out that the "applicable Illinois statute merely states:

> 'All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to make an authorized arrest.' (Ill. Rev. Stat. 1973, ch. 38, par. 107—5(d).)"

The language of that statute is identical to that of section 108—8 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 108—8), except that the former pertains to making an authorized arrest, while the latter pertains to executing a search warrant. Following *Wolgemuth*, we likewise conclude that Illinois has no statutory requirement that an officer must announce his authority and purpose before entering any building or property to execute a search warrant. If such a requirement exists, it must be found in the fourth amendment of the Federal Constitution.

The United States Supreme Court has not yet ruled specifically on whether the fourth amendment mandates execution of a search warrant with notice of authority and purpose. (See 2 W. LaFave, Search & Seizure—A Treatise

on the Fourth Amendment 123 (1978).) While the case of *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, has often been cited as authority for the announcement requirement in the execution of a search warrant, it is not dispositive of the issue. The court in *Ker* examined the constitutionality of a warrantless arrest made pursuant to a California statute. The statute expressly required an announcement of purpose prior to a forcible entry to arrest; however, there was a judicially created exception that exigent circumstances may obviate the need of the police officers to comply with the announcement requirement of the statute. The Supreme Court in *Ker* held that the exception did not render the entry violative of the fourth amendment. The court did not state that an announcement of authority and purpose was required by the fourth amendment.

While this court has not specifically ruled on the fourth amendment issue, it has considered an unannounced entry to make an arrest pursuant to an arrest warrant. In *People v. Wolgemuth* (1977), 69 Ill. 2d 154, *cert. denied* (1978), 436 U.S. 908, 56 L. Ed. 2d 408, 98 S. Ct. 2243, the defendant filed a motion to suppress narcotics obtained during a search incident to an arrest. The arrest, made in the defendant's residence pursuant to an arrest warrant, was not preceded by an announcement of authority and purpose. This court recognized that the "knock and announce" requirement had not been elevated to a constitutional level by the Supreme Court in *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, and stated:

"Although the mere failure of police to announce their authority and purpose does not *per se* violate the Constitution, it may influence whether subsequent entry to arrest or search is constitutionally reasonable. The function of the requirement to announce authority and purpose is to notify the person inside of the presence of

police and to afford the person an opportunity to respond, so that violence can be averted and privacy protected." (*People v. Wolgemuth* (1977), 69 Ill. 2d 154, 166.)
Thus, we determined that the mere failure of the police officers to announce their authority and purpose when acting pursuant to an arrest warrant did not violate constitutional standards.

This court has yet to decide whether the Constitution requires police officers to knock and announce their authority and purpose prior to the execution of a search warrant for narcotics. While the Illinois appellate courts have pronounced the rule that an announcement of authority and purpose is necessary prior to the execution of a search warrant, the cases lack uniformity as to those circumstances which would excuse the announcement requirement. See, *e.g., People v. Conner* (1977), 56 Ill. App. 3d 565; *People v. Jackson* (1976), 37 Ill. App. 3d 279; *People v. Richard* (1975), 34 Ill. App. 3d 621; *People v. Stephens* (1974), 18 Ill. App. 3d 817; *People v. Hartfield* (1968), 94 Ill. App. 2d 421.

In the present case, the State does not challenge the defendant's assertion that the fourth and fourteenth amendments require that police officers announce their authority and purpose prior to the execution of a search warrant. This is reflected in the State's assertion that exigent circumstances justified the police officers' failure to knock and announce. Judging the reasonableness of the search by the standards proposed by both the State and the defendant, we hold that the failure of the police officers to knock and announce their authority and purpose prior to entry did not render the subsequent search unreasonable under the facts and circumstances of this case. See *People v. Ouellette* (1979), 78 Ill. 2d 511.

Whether a search was reasonably conducted would be a substantive determination which, in the first instance,

would be made by the trial court. (*Ker v. California* (1963), 374 U.S. 23, 33, 10 L. Ed. 2d 726, 738, 83 S. Ct. 1623, 1630.) The trial court's determination would not be overturned by a reviewing court unless manifestly erroneous. (*People v. Clay* (1973), 55 Ill. 2d 501, 505.) This is the standard of review applicable to findings of fact in connection with a motion to suppress evidence and statements of defendants. (*People v. Williams* (1974), 57 Ill. 2d 239, 246, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506; *People v. Clay* (1973), 55 Ill. 2d 501, 505.) While the findings of fact to be considered are those drawn from the hearing on the motion to suppress, it is also permissible for the reviewing court to consider those findings of fact which are drawn from the testimony elicited at trial. *People v. Braden* (1966), 34 Ill. 2d 516, 520.

During the hearing on the motion to suppress evidence, the trial court found the search to be reasonable, and a trial on the merits followed. After a careful review of both the record of the hearing on the motion to suppress, and the record of the trial, we find the findings of fact by the trial court not to be manifestly erroneous. The trial court's determination that the officers' unannounced, forceful entry was constitutionally permissible was based on a consideration of several facts. Officer Ahern had a valid search warrant which was based on a reliable informant's statement that narcotics were located on the premises to be searched. Officer Ahern testified as to his knowledge of prior raids conducted on the premises. He was aware that the building was difficult to enter due to the defendant's elaborate security devices. He was also aware that buckets of water were kept near the toilet for the ready disposal of narcotics. He had been advised of the danger posed to the police officers by the guard dogs, and he was aware that the mirrors located outside the defendant's bedroom windows provided the building's occupants with early notification of persons on the

property. Based on a consideration of all of these facts, the trial court properly denied the defendant's motion to suppress.

Accordingly, we find that the defendant's motion to suppress was properly denied. Therefore, the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE UNDERWOOD, specially concurring:

I agree that the motion to suppress the heroin should be denied, but I am puzzled by the language and tone of the opinion, which seem to imply that the majority opinion in *People v. Ouellette* (1979), 78 Ill. 2d 511, did not impose a "knock and announce" requirement upon the law-enforcement officers of Illinois. If *Ouellette* did not do so, Mr. Justice Ward and I spent a considerable amount of time writing unnecessary dissenting opinions in that case.

If enforcement of the criminal laws of this State must be burdened with a knock and announce rule, the "exigent circumstances" exception to that rule was clearly met here.

MR. JUSTICE WARD joins in this special concurrence.