THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY CURRY, Defendant-Appellant.

Fifth District    No. 79-165

Opinion filed May 9, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles R. Garnati, State's Attorney, of Marion (Martin N. Ashley and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Larry Curry, appeals from his conviction of possession of between 30 grams and 500 grams of a substance containing cannabis. The only issue on appeal is whether the affidavit for search warrant stated probable cause that the substance observed was cannabis.

The affidavit for search warrant stated:

"That the above described suit case fell off of a loading platform at the Dallas Forthworth [sic] Airport in Texas and broke partially open. That upon said suit case breaking open a portion of the contents thereof became visible and because of the nature of the contents Lt. Dan Tiller of the Department of Public Health and Safety and Airport security at the Dallas Fortworth [sic] Airport in Texas was called to look at that portion of the contents of said suit case that was visible. That during the execution of his duties Lt. Dan Tiller has had occasion to come into contact with and identify with cannabis on numerous occasions and is capable of identifying cannabis by sight. That Lt. Dan Tiller identified the contents of said suit case as being cannabis. That pursuant to airport policy the suitcase was placed on a plane to be sent to its destination. That said suit case is scheduled to arrive at its destination at the Williamson County Airport, Williamson County, Illinois on Ozark flight 509 at approximately 1:22 p.m. That the person to whom the suitcase is addressed is Larry Curry and your affiant therefore believes that only Larry Curry will be allowed to take possession of the suitcase at the Williamson County Airport."

When the suitcase arrived at the Williamson County Airport, law enforcement officers inspected the suitcase and found cannabis present. The officers then conducted a surveillance of the suitcase; and after defendant picked up the suitcase, he was apprehended as he was driven toward Carbondale by another individual who was not involved with the suitcase. The suitcase was seized when defendant was arrested.

The defendant filed a motion to suppress evidence in which he attacked the sufficiency of the affidavit on its face. His motion to suppress was later amended to allege "the affidavit filed in support of the application for search warrant did not constitute sufficient probable cause for the issuance of the search warrant."

Defendant argues that the affiant must either have personal knowledge of the matter contained in the search warrant or personal knowledge of the reliability and credibility of his informant. In the case at bar, defendant contended that the affidavit was conclusory in that it recited that Lieutenant Tiller had experience in identifying cannabis without specifying his qualification and experience. Defendant also argued that there was no corroboration that the person who called Illinois law enforcement officers was in fact a Texas law enforcement officer. The State argued that one police officer may reasonably rely on facts stated to him by another police officer. In denying the motion to suppress, the trial court held that since the affiant was a police officer, he is not required to verify that the person calling him was a police officer nor is it necessary for him to ascertain the reliability of that police officer.

On appeal, defendant argues that the court erred in issuing the search warrant where the supporting affidavit contained only conclusory statements indicating that the cannabis was identified by sight alone. Defendant argues that although the affidavit stated that Lieutenant Tiller had come in contact with cannabis on numerous occasions and can identify it by sight, nothing further was stated as to Tiller's qualifications to identify cannabis in such a manner. Defendant concludes that because of the foregoing, the affidavit for search warrant was legally insufficient to establish probable cause that Tiller had, in fact, observed cannabis. Defendant points out that the affidavit contained no statement as to the particular characteristics of the substance observed by Tiller which led him to believe that the substance was cannabis.

The affidavit, which is required to be furnished to the judicial officer in order to obtain a search warrant, must establish: (1) the underlying circumstances showing credibility of the informer, and (2) the underlying circumstances which enabled the informer to reach the conclusion he conveyed to the affiant. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) It is common knowledge that affidavits for a search

warrant are frequently drafted by nonlawyers in haste in the midst of criminal investigations. Technical requirements of elaborate specificity once exacted under common law have no proper place in this area today. As stated by the court in *People v. Dillon* (1970), 44 Ill. 2d 482, 487, 256 N.E.2d 451, 454, "* * * we emphatically endorse the admonition of the United States Supreme Court that affidavits for search warrants 'must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion,' and should not be found deficient through hypertechnical scrutiny. (*United States v. Ventresca*, 380 U.S. at 108, 13 L. Ed. at 689, 85 S. Ct. 746.)" The court should be concerned only with probable cause, and the "evidence" upon which a search warrant is issued need not be sufficient to convict the defendant. *People v. Dillon.*

■■ In appraising the affidavit in the case at hand, the issuing judge was entitled to take into account the fact that a dominant factor of the situation presented was the necessity for quick action. The airplane was scheduled to arrive at 1:22 p.m. Although there is no indication of the time when the informant saw the contents of the suitcase, the search warrant was issued at 12:40 p.m. Under such circumstances, we do not find that the affidavit was fatally defective for failing to allege that Detective Rich, the affiant, verified that there is a Lieutenant Dan Tiller, who works in security at the Dallas-Ft. Worth Airport. We further believe that a magistrate or court may rely upon information communicated between police officers of different jurisdictions without the necessity of requiring a basis for determination of their credibility.

■■ Defendant asserts that the search warrant was constitutionally defective because the supporting affidavit failed to allege the particular properties of the substance which led Tiller to believe that it was cannabis. This contention of defendant was raised by the defendant in *United States v. Black* (5th Cir. 1973), 476 F.2d 267, 269. The court in *Black*, in rejecting this argument, reasoned: "The affidavit indicates that he observed them [the brick-shaped packages] directly and found them to contain marijuana. There is no basis in the record to conclude that his determination was based on conjecture * * *. We think that the magistrate's reliance on these facts to have been justified even though they were communicated across the continent." We find the reasoning of the *Black* court to be persuasive. The court was no doubt aware that metropolitan police officers are usually familiar with cannabis and that common houseplants are not usually shipped in a suitcase. Therefore, when Officer Tiller states that he has observed cannabis in a particular suitcase and this fact is contained in the affidavit for search warrant, there is sufficient probable cause to issue the requested warrant for a search and seizure of the suitcase without initiating an examination of the officer's

ability accurately to distinguish between cannabis and other vegetation. *Miller v. Sigler* (8th Cir. 1965), 353 F.2d 424, *cert. denied* (1966), 384 U.S. 980, 16 L. Ed. 2d 690, 86 S. Ct. 1879.

■ We further note that the affidavit in the case at bar states that Lieutenant Dan Tiller "has had occasion to come into contact with and identify with cannabis on numerous occasions and is capable of identifying cannabis by sight." Such allegation is sufficient to establish that Lieutenant Tiller is an experienced officer in dealing with cannabis and that the information he relayed to Williamson County authorities is reliable. Further, his observations, his past experience, and his belief that it is an illegal substance furnish a sufficient basis for the issuance of the search warrant. *Cf. People v. Rodgers* (1978), 59 Ill. App. 3d 396, 375 N.E.2d 1009.

For the foregoing reasons, we hold that there was probable cause for the issuance of the search warrant consistent with constitutional requirements.

Defendant relies on *People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795, which is inapposite to the case at bar. In *Park*, our supreme court reversed defendant's conviction for possession of cannabis. At trial, Deputy Sheriff Carrico testified that he could identify cannabis by "feel, smell, texture, and looks." Carrico admitted that he was not trained to identify cannabis and the evidence did not establish how often his opinion that a substance contained cannabis was correct. Our supreme court ruled that Carrico's statement that the substance was in fact cannabis should not have been admitted. In *Park*, the State was attempting to qualify Carrico as a cannabis expert to establish Park's guilt. In the case at bar, the State is using Tiller's statements concerning his experience with cannabis to establish probable cause for issuance of a search warrant. As stated above, the "evidence" required to establish probable cause for the issuance of a search warrant need not be sufficient to convict the defendant.

Defendant also relies on *People v. Palanza* (1978), 55 Ill. App. 3d 1028, 371 N.E.2d 687, which also is inapposite to the case at bar. In *Palanza*, evidence was suppressed on the basis that the affidavit for search warrant was insufficient to establish probable cause. The affidavit for search warrant indicated that the affiant relied on a statement of an informant that he observed a white crystalline substance which appeared to him to be cocaine and which was represented to the informant to be cocaine by an occupant of the house. After holding that the statement of the occupant was hearsay and could furnish no basis for the informant's knowledge of the identity of the substance, the court noted that the substance claimed to be cocaine was not unique in appearance and cannot be determined to be that particular narcotic without a chemical

analysis. In the case at bar, Officer Tiller stated that he identified cannabis by sight, and affiant's inclusion of such information in the affidavit for search warrant is not hearsay upon hearsay which the court refused to approve in *Palanza*. Further, defendant cites no authority to indicate that cannabis cannot be identified by sight with a reasonable degree of certainty by someone who is trained or experienced to do so. It is our opinion that identification in such manner by a person who is adequately trained or experienced, as in the case at bar, furnishes sufficient basis for the issuance of a search warrant.

For the foregoing reasons, the judgment of the Circuit Court of Williamson County is affirmed.

Affirmed.

JONES, P. J., and HARRISON, J., concur.