THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH L. WASHINGTON, Defendant-Appellant.

Third District    No. 79-945

Opinion filed October 3, 1980.—Rehearing denied November 20, 1980.

Robert Agostinelli and Karen S. Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Steven McCollum, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The only issue raised by the defendant Joseph Washington on appeal from his conviction for possession of not more than 2.5 grams of cannabis (Ill. Rev. Stat. 1977, ch. 56½, par. 704(a)) is whether his arrest for attempt robbery was effectuated with probable cause. The defendant claims that there was no probable cause for his arrest, and as a consequence the failure of the trial court to grant his pretrial motion to suppress the cannabis seized as a result of a search incident to his arrest was reversible error. We disagree, however, and accordingly affirm the defendant's conviction.

The facts of this case are basically quite simple. At approximately 1:17 the morning of April 30, 1979, Peoria police officer Robert Nelson was informed by Grant Eagan that the latter had been the victim of an attempt robbery. Eagan described the robber as a black male approximately 30 years of age, wearing a light colored "apple hat" and driving a 1972 green Chevrolet. Eagan further told Officer Nelson that when last seen the robber was driving away from the intersection of MacArthur and McBean Streets in Peoria.

Later, at approximately 4:30 a.m., Officer Nelson observed the defendant, whom he described as about a 30-year-old black male, wearing a light colored "apple hat" and driving a 1972 Chevrolet at the intersection of MacArthur and McBean Streets. Nelson then activated the light of his squad car and stopped the defendant. After both the defendant and Nelson exited their cars, Nelson conducted a pat-down search of the defendant. He found nothing that felt like a weapon. Nelson then informed the defendant that he was being arrested for the attempted robbery of Mr. Eagan. Following Washington's arrest, Nelson conducted a full body search of the defendant. As a result of this search Officer Nelson seized a substance later identified as cannabis.

In the agreed statement of fact, it is disclosed that at the hearing on defendant's pretrial motion to suppress the cannabis seized, Officer Nelson testified that the "apple hat" the defendant was wearing at the time of his arrest is not an uncommon or unusual type of wearing apparel in the area where the arrest occurred. Officer Nelson further stated that the defendant was not stopped for having committed any traffic offense. Defendant Washington, testifying on his own behalf, stated that no search or arrest warrant was produced by Officer Nelson at the time of his arrest. He further stated that he did not consent to the search. Washington testified that his 1972 Chevrolet was silver in color, and that although he

had been wearing a light-colored cap the night of his arrest it was not large enough to be described as an "apple hat."

At the close of the hearing on defendant's suppression motion, the defendant's motion was denied. After a stipulated bench trial, the defendant was found guilty of possession of not more than 2.5 grams of cannabis, and ordered to pay a $100 fine and $30 costs.

On appeal, the defendant seeks reversal of his conviction on the grounds that the description given to Officer Nelson by Eagan was too general to provide probable cause for his arrest, and that consequently the evidence seized by Officer Nelson should have been suppressed as the fruit of that illegal arrest. "It is elementary, of course, that an arrest is supported by probable cause when the facts and circumstances within the officer's knowledge would lead a man of reasonable caution to believe that an offense has been committed and that the person apprehended has committed the offense.·'[Citations.] In determining whether probable cause existed, this court has emphasized that the totality of facts and circumstances known to the officer when the arrest was made must be considered. [Citations.] Moreover, in deciding questions of probable cause courts deal with probabilities which are not technical but which are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. [Citations.]" (*People v. Gabbard* (1979), 78 Ill. 2d 88, 101-02, 398 N.E.2d 574, 580 (Underwood, J., concurring in part and dissenting in part).) With these considerations in mind, we will now address the issue raised on appeal.

In support of his contention that the description afforded Officer Nelson was too general to supply probable cause for his arrest, the defendant principally relies upon *People v. Gabbard* (1979), 78 Ill. 2d 88, 398 N.E.2d 574, *People v. Thomas* (1980), 80 Ill. App. 3d 1121, 400 N.E.2d 1019, and *In re Woods* (1974), 20 Ill. App. 3d 641, 314 N.E.2d 606. Each of these cases, however, is distinguishable from the instant case, either because the description given to the police in those cases was considerably less detailed than that given to Officer Nelson in the case at bar, or because the decision of the police to take the defendant into custody was motivated by something other than the fact that the defendant fit a description previously given to them. In *Gabbard*, a State trooper stopped the defendant, who was walking along a highway near Lincoln, Illinois, ostensibly because the defendant matched the description of an escaped Federal prisoner who was then believed to have been 30 miles away. Referring to the police report, which "did not contain a detailed description of the escapee" (his height, weight, and clothing), the supreme court stated, "The description contained in the police report was so general and lacking in distinctiveness as to furnish no more basis for the

arrest of the defendant than of many other persons who might be walking along the highway." (78 Ill. 2d 88, 93, 398 N.E.2d 574, 576.) Further, the State trooper admitted during the motion to suppress evidence seized from the defendant at the time of his arrest that in fact the defendant did not fit the description of the escapee. In *Thomas*, the only facts known to the Joliet police at the time of the defendant's arrest were that a photograph of the defendant appeared similar to an artist's sketch of a suspect in four armed robberies in Palatine, that several armed robberies had occurred in the area in which sawed-off shotguns had been used, and that at the time when he was taken into custody the defendant was with an acquaintance with whom he had previously been arrested for unlawful use of a sawed-off shotgun. In affirming the trial court's decision to suppress statements made by the defendant because there was no probable cause for defendant's arrest, this court stated, "The facts in this case indicate that the police had no more than a suspicion of criminal involvement on the part of the defendant." (80 Ill. App. 3d 1121, 1125, 400 N.E.2d 1019, 1022.) In *Woods*, the original detention of the minor defendant was not based upon the description given to the arresting officer, but rather upon his belief that when the defendant was seen he should have been in school. Further, the court pointed out that the victim's description of her assailant was insufficient to furnish probable cause for defendant's arrest absent "other relative facts and circumstances known to the arresting officer." (20 Ill. App. 3d 641, 646, 314 N.E.2d 606, 609.) The court dismissed the only two supportive facts, *i.e.*, the appearance of the defendant in the vicinity of the crime and the similarity of his clothing (a maxi-coat and brown brimmed hat) to that worn by the perpetrator of the crime, as having no value because the defendant lived in the area, and his wearing apparel was not unusual for a black youth in that particular neighborhood.

In the instant case, the description given to Officer Nelson by Eagan was considerably more detailed than that found in *Gabbard*. Officer Nelson was supplied with the sex, race, and approximate age of the robber. He was also informed of the type of hat the robber was wearing, and of the year, make and color of the robber's car. In addition, Eagan told Officer Nelson where the robber was last seen. Further, Nelson's personal observation of the defendant supplied those "other relative facts and circumstances known to the arresting officer" that the *Woods* court found necessary to justify a warrantless arrest based upon a description. The defendant fit Eagan's description in every respect. Washington is the same age, race and sex as the robber. At the time he was observed by Officer Nelson he was driving the same make and model car as the robber, was wearing the same type of hat, and was in the same area in

which the robber was last seen. Although there was testimony at the suppression hearing that the type of hat the defendant was wearing is not unusual wearing apparel for blacks living in the area of Peoria in which the incident occurred, the similarity of the defendant's hat in design and color to the one the robber was wearing is no less a factor to be considered by the officer in determining whether to make an arrest. Nor can the fact be discounted that the defendant was in the vicinity of the attempt robbery when apprehended, albeit three hours later. (See *People v. Attaway* (1976), 41 Ill. App. 3d 837, 354 N.E.2d 448.) Unlike *Woods*, there is no evidence in the record that the defendant lived in the area.

The only discrepancy between Eagan's description and Nelson's observation is in the color of the automobile. Eagan described the robber's car as a green 1972 Chevrolet. At the suppression hearing, Washington stated that the color of his car (a 1972 Chevrolet) was silver. However, given the fact that both Eagan's and Nelson's observations occurred in the early hours of the morning under artificial lighting conditions, a mistaken belief in the color of the· automobile is understandable.

■■ ■ A reviewing court should reverse a trial court's determination regarding the suppression of evidence only if that determination is against the manifest weight of the evidence introduced at the pretrial suppression hearing (*People v. Conner* (1979), 78 Ill. 2d 525, 401 N.E.2d 513; *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280). Here, unlike *Gabbard, Thomas,* and *Woods*, the description of the robber, coupled with the observations of the arresting officer, provided more than a mere suspicion of criminal involvement on the part of defendant; it provided probable cause for his arrest. We do not, therefore, believe that the trial court erred in denying the defendant's motion to suppress the marijuana seized as a result of a search incident to his arrest.

For these reasons, we affirm the judgment of the circuit court of Peoria County.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.