THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK AMATO, Defendant-Appellant.

Third District   No. 3—84—0161

Opinion filed November 16, 1984.

STOUDER, J., specially concurring.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Frank Amato, was convicted following a jury trial of attempt (escape). He was sentenced to a term of imprisonment of 2½ years. At the time of the attempted escape, the defendant was incarcerated at Stateville Correctional Center. The sentence imposed in the instant case is to run consecutively to the sentence he was serving at the time of the attempted escape.

The State presented evidence that the defendant and fellow inmates Randy Velleff and Pat Cecconi obtained chapel passes on the afternoon of December 31, 1982. An inmate count subsequently revealed that the three prisoners were missing. At 9:30 p.m., the defendant returned to his cellhouse dressed in clothing soiled with mud. Velleff and Cecconi succeeded in escaping from the prison.

That night, a muddy rope was found hanging from the wall near an unmanned guard tower on the north side of the prison. A culvert

ran along the base of the prison's north wall. The area around the culvert was muddy.

The State presented the testimony of Randy Velleff. Velleff admitted that he had escaped from Stateville on the night of December 31. While testifying as to the details of the escape, Veleff stated that he did not remember seeing the defendant that night.

The State then requested a conference outside the presence of the jury. The trial court ruled that Velleff could be cross-examined regarding his testimony during a previous administrative hearing. When the trial resumed, Velleff persisted in his testimony that he did not remember whether he saw the defendant on the night of the escape. The State then questioned him as to whether he had testified regarding the escape during an administrative hearing. The witness responded that he did not remember. Over the defendant's objection, the State then read into the record the transcript of Velleff's testimony at the administrative hearing. During the administrative hearing, Velleff had testified that Amato participated in the escape effort but had not escaped because Amato was unable to climb the rope.

The defendant testified in his own behalf that he had become drunk while in the chapel and had apparently passed out. When he awoke, his clothing was covered with mud. This testimony was impeached with the defendant's prior inconsistent statements.

The jury was instructed that evidence of prior inconsistent testimony was to be used solely for the purpose of judging credibility. During its deliberations, the jury sent a note to the court requesting the transcript of Vellef's testimony in the administrative hearing. The trial court denied this request.

The defendant asserts on appeal that the trial court erred in allowing the State to cross-examine and impeach Velleff with his testimony in the administrative hearing. Specifically, the defendant argues that the State's impeachment was improper because Velleff's testimony did not damage the State's case and because the State intended to introduce the prior testimony as substantive evidence.

The impeachment of witnesses is governed by Supreme Court Rule 238(a). (87 Ill. 2d R. 238(a).) At the time of these proceedings, Rule 238(a) provided:

> "(a) The credibility of a witness may be attacked by any party, including the party calling him."

Thus, Rule 238 establishes that any party may attack the credibility of a witness.

However, the right to impeach a witness is not an unlimited one. In order to impeach a witness with prior inconsistent statements, the

impeaching party must show that the "testimony has damaged, rather than failed to support the position of the impeaching party. The reason for this is simple: No possible reason exists to impeach a witness who has not contradicted any of the impeaching party's evidence, except to bring inadmissible hearsay to the attention of the jury." *People v. Weaver* (1982), 92 Ill. 2d 545, 563, 442 N.E.2d 255, 262.

The defendant relies in support of his argument on the Illinois Supreme Court decision in *Weaver*. The defendant Weaver was charged with murdering her husband. To establish a motive, the State called Dennis Johnston, with whom Weaver had had an extramarital affair. When Johnston testified that he and Weaver were infatuated, the State was allowed to impeach him with his grand jury testimony that he and Weaver were in love. On appeal, the supreme court found that this impeachment constituted reversible error because his testimony had not actually damaged the State's case. Johnston's testimony that he and Weaver were infatuated merely failed to support the State's position.

The instant case is distinguishable from *Weaver* in that Velleff's testimony did in fact damage the State's case. Velleff testified to an attempted escape. The evidence showed that the escape was carefully planned and executed. The evidence also demonstrated that only three men were present at the time the escape was executed. Velleff's testimony that he did not remember the defendant's being present was, under these circumstances, tantamount to a denial of the defendant's presence. This was damaging to the State's case. Inconsistency of statements in the literal sense is not required before a witness may be impeached. *People v. Gonzalez* (1983), 120 Ill. App. 3d 1029, 1038, 458 N.E.2d 1047, 1054.

The State represented during the trial conference that it had expected Velleff to testify consistently with his prior testimony. The court agreed that Velleff's testimony was inconsistent and properly allowed the prior testimony for use in impeaching Velleff.

The defendant further argues that the trial court erred in allowing the State to cross-examine and impeach Velleff because the State intended that the prior testimony be considered as substantive evidence. We find the defendant's argument to be unavailing. Assuming, without deciding, that the State attempted to introduce the prior testimony as substantive evidence, we still find no error in the admission of the prior testimony.

In *People v. Jenkins* (1982), 104 Ill. App. 3d 522, 432 N.E.2d 1171, a witness called at trial by the State was unable to recall specific events about which he had previously testified in great detail.

The witness was then designated a court's witness and was cross-examined regarding his prior testimony. Each time the witness was unable to recall a fact, the State read the transcript of his prior testimony into evidence. The defendant argued on appeal that the admission of the prior testimony was error. The reviewing court approved the State's method of impeachment, citing to the witness' falsified lack of memory, as evidenced by the detailed nature of the prior testimony. The court concluded that the trial court should not be impeded in preventing a witness from making a mockery of the trial.

We find that any attempt by the State to introduce Velleff's testimony as substantive evidence did not create error, because the prior testimony was admissible as substantive evidence. Velleff, like the witness in *Jenkins*, had testified previously in great detail. Velleff, like the witness in *Jenkins*, falsified his lack of memory and attempted to make a mockery of the trial. Velleff's prior testimony would have been admissible as substantive evidence. The State's intent in impeaching Velleff did not, therefore, create error.

The judgment of the circuit of Will County is affirmed.

Affirmed.

SCOTT, J., concur.

JUSTICE STOUDER, specially concurring:

I agree with the result reached by the majority of the court, and in particular I agree the prior statement was properly admitted for impeachment purposes under the authority of *People v. Weaver* (1982), 92 Ill. 2d 545, 442 N.E.2d 255.

I do not agree with the *dicta* of the majority that such statement might have been also admissible as substantive evidence. The law in Illinois is that a prior statement which is inconsistent with a witness' testimony may only be used to impeach the testimony and may not be used as substantive evidence. (*People v. Gant* (1974), 58 Ill. 2d 178, 317 N.E.2d 564.) To the extent *People v. Jenkins* (1982), 104 Ill. App. 3d 522, 432 N.E.2d 1171, intimates a prior inconsistent statement can be used as substantive evidence, the opinion is itself confusing and inconsistent and does not rely on Illinois authority.

For all practical purposes *Jenkins* is based on *United States v. Insana* (2d Cir. 1970), 423 F.2d 1165, a conclusion which is difficult to understand, since the *Insana* case applies Federal rules relating to evidence not applicable to Illinois. *Insana* specifically refers to the proposed Federal Rules of Evidence, not yet then adopted, which appar-

ently incorporated the then existing Federal rule. At the time of the decision in *Jenkins*, no rule equivalent to this Federal rule of evidence had been approved or applied in Illinois. Consequently, the reliance of *Jenkins* on *Insana* seems inappropriate.

I would also note two additional reasons for doubting the applicability of the *Jenkins* case to the present case. First, the opinion in *Jenkins* refers to the prior inconsistent statement as impeachment, and second, the legally significant facts in *Jenkins* are substantially different from those in the present case.