THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANDREW O'NEAL, Defendant-Appellant.

Fourth District   No. 4—85—0251

Opinion filed December 20, 1985.

Asher O. Geisler, of Geisler, Waks & Geisler Law Offices, of Decatur, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman

and Kevin T. McClain, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On March 30, 1985, following a jury trial in the circuit court of Macon County, defendant, Andrew O'Neal, was found guilty of the offense of unlawful possession of cannabis (Ill. Rev. Stat. 1983, ch. 56½, par. 704(d)) and unlawful possession of cannabis with intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 705(d)). He was acquitted of charges of unlawful possession of a controlled substance and of unlawful possession of such substance with intent to deliver. Subsequently, he was sentenced to a single term of 30 months' imprisonment. He appeals, contending (1) the proof of guilt was insufficient; (2) the jury verdicts were inconsistent; (3) a mistrial should have been granted because of improper comment by the prosecutor during *voir dire*; (4) the court erred in instructing the jury; and (5) the court erred in denying defendant's motion to suppress made during trial. We affirm.

The evidence was undisputed that police entered an apartment in Decatur and found defendant in the kitchen of the apartment seated at or near a table upon which was (1) a scale, (2) a quantity of green leafy substance later shown to be cannabis, and (3) several rolled cigarettes later shown to also contain cannabis. The officers testified that one or two other people were in the kitchen and ran upon their entry. The evidence was also undisputed that, under the table, the officers found a gym bag containing items later shown to be controlled substances, some keys, a pager and another scale. Other cannabis and drug user's equipment were also found in the apartment.

James Kinney testified for the defendant telling how he had found the gym bag and brought it to the apartment. He said he then removed the leafy substance and a scale from the bag and put them on the kitchen table but did not touch other objects in the bag. Kinney admitted defendant had shown him how to use the scale, but he said defendant did nothing further and did not take any of the green leafy substance. Kinney admitted he had pleaded guilty to the offense of illegal possession of 30 to 500 grams of cannabis and illegal possession of a controlled substance. Kinney admitted he had previously told police officers (1) he had told defendant he would give him a quarter of a pound of the cannabis for helping him sort the substance, and (2) defendant had rolled a cannabis cigarette. Kinney admitted he had made untrue statements to police officers in regard to how the canna-

bis had been placed on the kitchen table.

Defendant testified that the apartment belonged to a woman whom he considered to be his "girlfriend." He stated she had given birth to two children fathered by him and that he visited her apartment once or twice a week. Defendant admitted he owned the keys and the pager found in the gym bag but said he did not know how they got into the bag. He denied knowing that the substance on the table was cannabis and denied rolling a cannabis cigarette. He admitted that at the time of arrest, when officers asked him about drugs, he said, "[W]hat drugs," but he explained that he did not consider cannabis a drug. Evidence was presented that while incarcerated prior to trial, defendant and Kinney were in nearby cells which would have enabled them to discuss the testimony they intended to give.

■■ In order to establish defendant's guilt of the possession offense, as a principal, the State had to prove beyond a reasonable doubt that defendant knew that the leafy substance was cannabis and that he had exclusive control of it. (*People v. Rhoades* (1979), 74 Ill. App. 3d 247, 392 N.E.2d 923.) Proof of defendant's guilt as a principal of the offense based on an intent to deliver also required, of course, proof beyond a reasonable doubt that he possessed the contraband with that intent. The State could also have proved defendant guilty of those offenses on a theory of accountability by showing beyond a reasonable doubt that another was guilty of those offenses and defendant was guilty of conduct described by section 5—2(c) of the Criminal Code of 1961, which states that one becomes accountable when:

> "[E]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Ill. Rev. Stat. 1983, ch. 38, par. 5—2(c).

■■ ■ Section 115—10.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 115—10.1) provides that evidence of a prior inconsistent statement of a witness is not made inadmissible in a criminal case because of its hearsay nature if, among other reasons (1) it is inconsistent with the witness' testimony at trial; (2) the witness can be cross-examined at trial; (3) the statement explains an event within the personal knowledge of the witness; and (4) the witness acknowledged at trial that he had made the prior inconsistent statement. Thus, evidence of Kinney's statements to police officers that (1) he told defendant he would pay defendant to help him sort the cannabis, and (2) defendant had rolled a cannabis cigarette

were admissible to prove that those things did happen.

■ With defendant's admission that he told Kinney how to weigh the cannabis and the evidence that defendant rolled a cannabis cigarette, the jury could have found beyond a reasonable doubt that defendant knew that the substance was cannabis. The exclusive possession was sufficiently proved by evidence of defendant's sitting at the table upon which the substance lay, his being the person nearest to the substance, the unexplained evidence of his property in the gym bag from which the substance had been taken and the evidence indicating that he had rolled a cigarette. Defendant's possession could have been joint with that of Kinney and still have been considered exclusive as that term is defined in the law in relation to possession of contraband. (*People v. Williams* (1981), 98 Ill. App. 3d 844, 424 N.E.2d 1234.) The evidence that the leafy substance was being weighed and packaged, and the fact that it was in large quantities was sufficient for the jury to infer beyond a reasonable doubt that those having possession of the substance intended to deliver it to others.

■ The evidence of defendant's sitting at the table, telling Kinney how to weigh the substance and rolling a cigarette from the substance was also sufficient to support a factual determination that, beyond a reasonable doubt, defendant acted with an intent to at least aid Kinney in a possession and delivery of the cannabis.

Whether considered in terms of guilt as a principal or by accountability, the evidence supported the verdicts of guilty.

■ Prior uncertainty as to whether inconsistent verdicts by a jury in a criminal case required reversal was eliminated by the supreme court in *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233. There, the court held that legally inconsistent verdicts required setting aside those which were convictions. The court defined such verdicts as those where the jury finds an accused " 'guilty of crime A but not guilty of crime B, where both crimes arise out of the same set of facts' " as those verdicts constitute conclusions that the same essential elements of each crime were found both to have been proven and not to have been proven. 99 Ill. 2d 193, 198, 457 N.E.2d 1233, 1235.

■ Clearly, the verdicts were not legally inconsistent here. The evidence that defendant knew that the leafy substance on the table from which he was shown to have rolled a cigarette was cannabis was much stronger than was any inference that he knew the items in the gym bag contained a controlled substance. The evidence of his possessory conduct toward the two substances also differed. Likewise the inference of his intent to deliver the substance in the bag was much

less. In regard to any theory of guilt by accountability, it is noteworthy that defendant was not shown to have done anything to aid in the possession or delivery by another of the controlled substances.

■ During the *voir dire* examination of the first four jurors, the prosecutor described the case as involving "possession of those drugs and possession with the intent to deliver or a drug dealer." The prosecutor then asked if these charges caused any of the jurors any problems. The defense made no objection and responded to the statement only after the jury had been sworn in. It then asked for a mistrial. The prosecutor's statement could be taken as implying that the State would prove a series of drug transactions by the defendant. This was something that the State had not charged and was not going to be able to do. However, the prejudice was not great, and any impropriety was waived by the failure of the defense to promptly request relief.

■ Over defense objection as to its second paragraph, the trial court gave the following instruction tendered by the State:

"(1) Possession may be actual or constructive. A person has actual possession when he has immediate and exclusive control over a thing. A person has constructive possession when he lacks actual possession of a thing but he has both the power and the intention to exercise control over a thing [either directly or through another person].

(2) If two or more persons share the immediate and exclusive control or share the intention and the power to exercise control over a thing, then each person has possession." (Illinois Pattern Jury Instruction, Criminal, No. 4.16 (2d ed. 1981).)

Defendant contends that there was no evidence of joint possession by Kinney and another. We disagree. As we have indicated, the evidence showed a possessory interest in the cannabis by defendant. Kinney's testimony inferred a similar possessory interest in him.

■ The trial court also gave a State tendered instruction on accountability over defendant's objection. Defendant maintains that evidence was not presented on each element of accountability. We have previously indicated that sufficient evidence was presented on each element of accountability to support a finding that defendant was guilty of each cannabis offense on that theory. Accordingly, we hold that the giving of an instruction based on that theory was proper.

■ During the course of the State's case in chief, the defendant made an oral motion to suppress the evidence which the officers had found and seized upon entering the apartment. The officers who entered the apartment did so after obtaining a search warrant. They were accompanied by a security guard for the apartment complex

who had a key to the apartment. They found a screen door locked, and one of the officers jerked it open. Apparently, the inside door was then entered by the guard, and the officers announced that they were police officers as they entered. Defendant maintained that the police conduct violated the Illinois "knock and announce" rule. (See *People v. Ouellette* (1979), 78 Ill. 2d 511, 401 N.E.2d 507; *People v. Boykin* (1978), 65 Ill. App. 3d 738, 382 N.E.2d 1369; *People v. Rogers* (1978), 59 Ill. App. 3d 396, 375 N.E.2d 1009.) The trial court summarily denied the motion as being untimely.

Section 114—12(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—12(2)) requires that a motion to suppress evidence on the grounds that its seizure was illegal be in writing, and that it shall be made before trial "unless opportunity therefor did not exist or the defendant was not aware of the grounds." Here, the defendant was present at the time of the entry and would have been aware of whether the officers knocked and announced their presence before entering. Moreover, the complete statement of the occurrence whereby the officers entered the apartment was contained in discovery given to the defense in the form of the statement of Officer V. Bond appearing in volume I at page 30 of the common law record on appeal. We need not discuss the questions of (1) exigent circumstance which might have justified an entry otherwise illegal for a failure of officers to knock and announce their entry (*People v. Boykin* (1978), 65 Ill. App. 3d 738, 382 N.E.2d 1369); (2) his expectation of privacy; or (3) his standing to complain of the seizure. No showing was made that the failure to make a timely written motion was justified or that fundamental fairness required the trial court to hear the motion to suppress. (*People v. Foster* (1979), 76 Ill. 2d 365, 392 N.E.2d 6.) The trial court properly refused to hear the motion.

The judgments appealed are affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.