THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEVESTER HASTINGS, Defendant-Appellant.

First District (2nd Division)   No. 85—3574

Opinion filed September 22, 1987.—Rehearing denied October 13, 1987.

Steven Clark and Debra R. Salinger, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Jeremy C. Schwartz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Levester Hastings, was convicted of murder after a bench trial and sentenced to 30 years' imprisonment in the Illinois Department of Corrections.

The record reveals that on March 17, 1984, a birthday party was held in a thirteenth-floor apartment of the Cabrini Green housing project in Chicago, Illinois. The victim, Willie Thompson, and Mitchell Washington were talking outside the apartment on the hallway ramp when defendant approached them. Defendant inquired what their gang affiliation was and accused the victim of belonging to the Vice Lords. After some conversation, defendant attempted to strike the victim but was prevented from doing so when Washington grabbed his arm. Defendant then ran down the stairwell, claiming that when he returned, he was going to shoot Washington and the victim.

Washington and the victim returned to the party and told their hostess about the incident on the ramp. This caused the party to come to an abrupt end. Ms. Harvey, who attended the party and resided in the building, walked the victim out of the apartment because she had learned of the altercation between defendant and the victim. Washington followed Ms. Harvey and the victim out of the building and onto the ramp. Approximately 18 people had congregated on the ramp. Defendant was standing in front of the group and stated "that motherfucker right there" (referring to the victim). Allen Johnson put a gun to Ms. Harvey's head, pushed her, and she passed out. Defendant then hit the victim in the face, causing the victim to fall to the ground. The group then circled in on the victim, kicking him repeatedly while he was on the ground.

At this point, the victim attempted to flee. However, Johnson fired three shots into the victim on defendant's command of, "Get that motherfucker." After the shooting, defendant and Johnson fled on foot. At the trial, Washington testified: "I know for a fact defendant Hastings was connected with the murder because he ran only after the shots were fired." The victim died of multiple gunshot wounds to the head, mouth and chest.

Peter Fazell, a Cabrini Green resident, testified as a witness for

the State after a $10,000 material witness bond was issued. Fazell, who knew defendant and Allen Johnson, was a reluctant witness. He testified at trial that he attended the birthday party and as he was leaving, he heard shots, but did not see anything.

The State then questioned Fazell about his pretrial discussions with the police, detectives and an assistant State's Attorney. Fazell recalled speaking with two police officers at his home the day after the shooting at Cabrini Green. However, he said that he did not tell them that he was an eyewitness.

Fazell recalled going to the station to speak with two detectives two days after the shooting. He told the detectives that the defendant knocked the victim to the ground and that others began kicking him. He also remembered telling the detectives that he was approximately two feet from Johnson when the shots were fired.

Fazell did not recall speaking to the assistant State's Attorney. He testified that his prior statements were untrue and that his trial testimony that he did not see defendant at the scene was true.

The State then asked that each of the three statements be admitted into evidence. The court agreed to consider the statements acknowledged by Fazell. In doing so, the court stated: "I will consider the statements made to the detectives where the witness has admitted making those statements substantively if you can prove that those statements were in fact made."

The State proceeded to prove witness Fazell's prior inconsistent statements by calling Officer Davis, Detective Manion and Assistant State's Attorney Buglass. Officer Davis testified that witness Fazell told the police he was an eyewitness to the murder. However, the trial court refused to accept Fazell's statement to Officer Davis as substantive evidence because Fazell did not acknowledge making the statement. The court did consider Officer Davis' testimony for impeachment purposes.

Assistant State's Attorney Buglass testified that witness Fazell told her that he observed the defendant strike the victim and urge Johnson to shoot the victim, and that Johnson did in fact shoot the victim. Once again, because Fazell did not acknowledge speaking to the assistant State's Attorney, this statement was not admitted as substantive evidence, but was only considered for impeachment purposes.

Detective Manion testified that Fazell told him that he saw the defendant strike the victim, others kicking the victim, and Johnson shoot the victim. This statement was admitted as substantive evidence pursuant to section 115—10.1 of the Code of Criminal Procedure of

1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.1).

The only evidence presented by the defense was the statement of codefendant Allen Johnson, which was read into the record. He stated he got his gun, made certain it was loaded, decided to use the gun on the victim, and shot the victim three times even though he knew the victim was unarmed.

The trial court found defendant guilty of murder. Defendant seeks a reversal of the conviction on the grounds that: (1) the impeachment of witness Fazell was improper under Supreme Court Rule 238 (87 Ill. 2d R. 238); (2) that the use of a prior inconsistent statement of witness Fazell as substantive evidence pursuant to section 115—10.1 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.1) was improper; and (3) even if the statement was properly admitted, this statute is unconstitutional.

I

Historically, when a party called a witness, that party vouched for the credibility of the witness and, as a general rule, the party was not permitted to impeach its own witness. The voucher rule became discredited and was abandoned in Illinois with the adoption of Supreme Court Rule 238. 87 Ill. 2d R. 238.

Defendant contends, however, that the State's impeachment of witness Fazell by the use of his out-of-court statements was improper under Illinois Supreme Court Rule 238. Defendant states that not only must the impeaching party show that it was taken by surprise, but also that the witness' testimony damaged the position of the impeaching party. He contends that the State failed to show either.

■ Supreme Court Rule 238 originally allowed a party to impeach his own witness only when the party calling the witness was surprised by his testimony. The requirement of surprise was intended to disallow impeachment, which carried a high probability of being used improperly as substantive evidence. However, Supreme Court Rule 238 was amended to abolish the requirement of surprise. 87 Ill. 2d R. 238; see *People v. Gonzalez* (1983), 120 Ill. App. 3d 1029, 458 N.E.2d 1047, *aff'd* (1984), 104 Ill. 2d 332, 472 N.E.2d 417.

●2 Therefore, in order to impeach a witness with a prior inconsistent statement, the impeaching party must show that testimony has damaged, rather than failed to support, the position of the impeaching party, since no possible reason exists to impeach a witness who has not contradicted any of the evidence except to bring inadmissible hearsay to the attention of the trier of fact. *People v. Amato* (1984), 128 Ill. App. 3d 985, 987, 471 N.E.2d 928, *appeal denied* (1985), 102 Ill. 2d 555.

■ In the case at bar, Fazell stated that he was not an eyewitness to the murder. He then denied the substantive nature of the statements made to the police officers, admitted making the statements to the detectives, and could not recall speaking to the assistant State's Attorney. Defendant contends that the State was not damaged by this testimony because "Fazell only testified that he was not an eyewitness to Thompson's death." In defendant's next breath, however, he argues that without Fazell's testimony, there was nothing to establish the State's case against him. Defendant himself states that Washington's testimony was "fraught with doubt" and "inconsistent with other State's witnesses." Therefore, defendant's own argument clearly shows that Fazell's testimony at trial was damaging to the State's case. Therefore, the impeachment with the three prior statements was proper.

## II

Defendant asserts that the court erred in allowing the statements Fazell made to the detectives to be used as substantive evidence. He contends that the State "violated the clear and consistent mandate of Illinois Courts that the use of prior inconsistent statements be limited to impeachment."

Although defendant correctly stated Illinois' former mandate that prior inconsistent statements be limited to impeachment only, the Illinois legislature has abandoned that rule in favor of substantive admissibility of prior inconsistent statements in certain circumstances. Ill. Rev. Stat., 1984 Supp., ch. 38, par. 115—10.1.

Under section 115—10.1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.1), if Fazell's statements were: (1) inconsistent with his trial testimony; (2) subject to cross-examination; (3) within his personal knowledge; and (4) acknowledged at trial, the statements were properly used as substantive evidence. *People v. O'Neal* (1985), 139 Ill. App. 3d 791, 488 N.E.2d 277, *appeal denied* (1986), 111 Ill. 2d 593.

■ The definition of inconsistency does not require a direct contradiction, but only a tendency to contradict the witness' present testimony. (*People v. Davis* (1982), 106 Ill. App. 3d 260, 263-64, 435 N.E.2d 838.) This determination is within the broad discretion of the trial judge. (*United States v. Thompson* (8th Cir. 1983), 708 F. 2d 1294, 1302.) In the instant case, there is no doubt that Fazell's statement at trial, that he was not an eyewitness to the occurrence, is contrary to or inconsistent with his prior statements that he did indeed witness the events.

The second requirement of cross-examination is also met since Fazell was present and testifying at trial.

The third requirement is that the statement must relate to circumstances, the subject matter of which is within that witness' personal knowledge. To be within the personal knowledge of a witness, the witness must have observed, and not merely have heard, the subject matter underlying the statement. (Steigmann, *Prior Inconsistent Statements as Substantive Evidence in Illinois*, 72 Ill. B.J. 638, 640 (1984).) In the instant case, the statements admitted into evidence concerned the observations of Fazell at the time of the occurrence. Therefore, being within the personal knowledge of Fazell, the third requirement is met.

■ In addition, the statements must have been recorded or acknowledged. The acknowledgment need only refer to the making of the statement and not to the truth of the statement itself. Ill. Rev. Stat. 1985, ch. 38, pars. 115—10.1 (c)(2)(A), (B), (C).

At trial, Fazell admitted making the statements to Detective Manion. The trial court stated: "I will consider the statements made to the detectives where the witness had admitted making those statements substantively if you can prove that these statements were in fact made." The State then proved that those statements were in fact made through the testimony of the detective. Therefore, the court was considering only the statements made to the detectives as substantive evidence. The statements made to the police officers and to the assistant State's Attorney were considered only for impeachment purposes.

In light of the foregoing, it is clear that the State has met the requirements of the statute.

### III

■ ■ Defendant further argues that section 115—10.1 is an unconstitutional violation of separation of powers because it conflicts with Supreme Court Rule 238 and the court's inherent judicial power. Ill. Const. 1970, art. 11, sec. 1.

The legislature of a State has the power to prescribe new or alter existing rules of evidence and to prescribe methods of proof. (*People v. Rolfingsmeyer* (1984), 101 Ill. 2d 137, 140, 461 N.E.2d 410.) In *People v. Joseph* (1986), 113 Ill. 2d 36, 43, 495 N.E.2d 501, the court stated:

> "We have held that, when this court has not acted in an area into which it is arguable that the 'judicial power' extends, [the Illinois Constitution does not] purport to exclude the legislature

from acting in any way which may have a *peripheral* effect on judicial administration. [Citation.] For example, this court has upheld the legislature's enactment of rules of evidence ***." (Emphasis in original.) (113 Ill. 2d 36, 43, 495 N.E.2d 501.) Therefore, since it is clear that the legislature is empowered to create rules of evidence, we must determine whether section 115—10.1 conflicts with Supreme Court Rule 238.

Supreme Court Rule 238 states in pertinent part:

"(a) The credibility of a witness may be attacked by any party, including the party calling him." (87 Ill. 2d R. 238.)

Section 115—10.1 provides in pertinent part:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—

(1) was made under oath at a trial, hearing, or other proceeding, or

(2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

(A) the statement is proved to have been written or signed by the witness, or

(B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought or at a trial, hearing, or other proceeding, or

(C) the statement is proved to have been accurately recorded by a tape recorder, videotape recording, or any other similar electronic means of sound recording." Ill. Rev. Stat. 1985, ch. 38, par. 115—10.1.

The relationship between Rule 238 and section 115—10.1 can be compared effectively to the Federal Rules of Evidence. In allowing substantive use of prior inconsistent statements under Federal Rule 801 (d)(1)(A), the courts have treated the rule as complementary to Federal Rule 607, which permits a party to impeach his own witness. Under Rule 607, the prosecution may attack the credibility of its own witness through the use of prior inconsistent statements and, under Rule 801 (d)(1)(A), may then introduce those same statements as proof of the facts contained therein. Thus, the witness is portrayed as a re-

luctant and perhaps untruthful witness at trial, but is then shown to have testified in accordance with the prosecution's theory of the case at an earlier date. The prosecution can effectively argue that the prior out-of-court statement is more reliable and should be accepted as true, even though the maker of the statement testifies differently at trial. The same complementary treatment can be expected utilizing Illinois Supreme Court Rule 238 and section 115—10.1. See McDonnell, *Admissibility of Prior Inconsistent Statements: Further Protection Against the "Turncoat" Witness*, 73 Ill. B.J. 212, 215 (1984).

Defendant, however, asserts that the Federal rule cannot serve as a basis for contending that section 115—10.1 is constitutional because the Illinois rule goes beyond the Federal rule. The Federal rule requires that the prior inconsistent statements be made "under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition." (Fed. R. Evid. 801(d)(1)(A).) The Illinois rule, however, allows admission if the statements were made on personal knowledge and either recorded or acknowledged. (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.1.) Although Illinois does not require the statements be made under oath, the requirement of recordation or acknowledgment virtually guarantees that the statements were indeed made. Further, the committee notes on Federal Rule 801 state that the requirement that the statement be under oath when made may be unnecessary.

"Notwithstanding the absence of an oath contemporaneous with the statement, the witness, when on the stand, qualifying or denying the prior statement, is under oath ***. *** With respect to the lack of evidence of the demeanor of the witness at the time of the prior statement, it would be difficult to improve upon Judge Learned Hand's observation that when the jury decides that the truth is not what the witness says now but what he said before, they are still deciding from what they see and hear in court. [Citation.]" Fed. R. Evid. 801, 28 U.S.C. (Notes of the Committee on the Judiciary, Senate Report No. 93—1277 (1982).)

It is clear that Illinois Supreme Court Rule 238 and section 115—10.1, just as their Federal counterparts, are complementary rather than conflicting. Therefore, in light of the legislature's authority to create rules of evidence, there is no separation of powers violation.

■■■ Defendant also contends that section 115—10.1 denied him a fair trial, thereby violating due process under the fourteenth amendment. (U.S. Const., amend. XIV.) Defendant states that cross-examination at trial does not cure the denial of due process which oc-

curs when defendant's conviction is based on the substantive use of unsworn out-of-court statements. However, the United States Supreme Court has held that the confrontation clause of the sixth amendment, made applicable to the States by the fourteenth amendment, is not violated by admitting for substantive use a witness' prior inconsistent statements as long as he is testifying as a witness at trial and is subject to cross-examination. (*California v. Green* (1970), 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930.) The purpose of the sixth amendment is satisfied at the time of trial because the jury can, at that time, observe the demeanor of the witness. 399 U.S. 149, 157-58, 26 L. Ed. 489, 496-97, 90 S. Ct. 1930, 1934-35.

■■■ Therefore, section 115—10.1 is constitutional in that the legislature is empowered to enact rules of evidence and this rule does not conflict with Supreme Court Rule 238. Further, the United States Supreme Court has held that the purposes of due process are not offended by this practice.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and STAMOS, J., concur.